**SAI JIN LAN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–41125.**

United States Court of Appeals, Second Circuit.

Aug. 10, 2005.

Gary J. Yerman, New York, N.Y. (on submission), for Petitioner.

D. Gordon Bryant, Jr., Assistant U.S. Attorney for Richard B. Roper, United States Attorney for the Northern District of Texas, Amarillo, TX (on submission), for Respondent.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.*

**SUMMARY ORDER**

Sai Jin Lan ("Lan"), a native and citizen of the People's Republic of China, appeals the BIA's denial of her petition for asylum, withholding of removal, and relief under

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

the Convention Against Torture.[1] We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

At her hearing before an immigration judge ("IJ"), Lan testified to facts that, if believed, would establish eligibility for political asylum. She stated that Chinese government officials forced her to have an abortion in November 1990, and that her husband was forcibly sterilized in December 1990. Lan also stated that after her forced abortion, she lived at home without incident until leaving for the United States in 1999. Lan's testimony diverged in important respects, however, from what she told an asylum officer at a "credible fear interview" conducted shortly after her arrival in this country.[2] At that interview, for example, she said that she was detained and beaten by government officials, that she was in hiding from 1990 to 1999 because family planning officials had threatened to sterilize her, and that she did not know when—or whether—her husband had been sterilized. Confronted with these inconsistent earlier statements, Lan, at her hearing before the IJ, averred that she was nervous and had lied to the asylum officer at the credible fear interview.

Lan also testified that she was forced to wear an intrauterine device ("IUD") after the birth of her first child, in 1985, but had the device removed by a private doctor three months later. She explained that, in more than a dozen subsequent government medical examinations, she fooled medical staff into believing that she still had the IUD by taping a ring to her navel.

The IJ found Lan not credible. This finding, based as it was on any number of material inconsistencies in Lan's story, as well as the inherent implausibility of her testimony with respect to the IUD, is supported by substantial evidence. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As an alternate ground for his denial of Lan's application, the IJ found that Lan had no well-founded fear of future persecution because her husband's sterilization—and the fact that she was not threatened thereafter—constituted a changed circumstance. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir. 2003) ("A showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution, which is overcome only if a preponderance of the evidence establishes that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded." (internal quotation marks omitted)). The BIA did not accept this alternate basis for denial of Lan's application. *In re Sai Jin*

---

1. Given the date of Lan's arrival in the United States, there is a question of whether her application for asylum was timely filed, and therefore whether we have jurisdiction to hear the appeal of the asylum claim. *See* 8 U.S.C. § 1158(a)(2)(B). The government has not raised the issue. We shall assume jurisdiction *arguendo* and decide the merits. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000).

2. A "credible fear interview" is part of the expedited removal process established under the Illegal Immigration Reform and Immi-

grant Responsibility Act of 1997 for undocumented aliens arriving at the border. *See* 8 C.F.R. § 208.30; 8 U.S.C. § 1182(a)(7). When an inadmissible alien states that she is seeking asylum or fears persecution or torture, she is given a credible fear interview by an asylum officer. *See* 8 C.F.R. § 235.3(b)(4). If the officer determines that the applicant has a credible fear of persecution, she will not be subject to expedited removal, but will be referred to an immigration judge for ordinary removal proceedings. *See* 8 C.F.R. § 208.30(f).

*Lan,* A78–144–013—New York City (BIA Dec. 1, 2003); *cf. In re Y–T–L–,* 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA 2003) (referring to forced sterilization as "a permanent and continuing act of persecution").

Lan's argument that the BIA's rejection of this ground supports vacatur is meritless. The IJ found Lan's story incredible in all particulars, including her husband's forced sterilization, and made clear that the alleged changed circumstances were a separate, independent, and alternate ground for the rejection of her petition. Accordingly, assuming *arguendo* that the IJ erred in finding changed circumstances, his denial of Lan's application did not rest on this error. *See Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 79 (2d Cir.2004) (noting that an adverse credibility finding supported by substantial evidence is alone sufficient to establish that an asylum applicant has not met his burden of proof on a persecution claim).

We have considered all of Lan's arguments on appeal and find them to be without merit. Therefore, the petition for review and motion for stay of removal are DENIED.